Case 37.

MANDAMUS.

## Hall *vs.* Hostetter.

APPEAL FROM FAYETTE CIRCUIT.

A marshal of a city is ineligible to a third election after having served two terms, as sheriffs are ineligible to a third election to the office of sheriff.

[The facts of the case are stated in the opinion of the court.—REP.]

*Breckinridge & Beck* and *Woolley & Hanson* for appellant.

*Robinson & Johnson* for appellee.

February 2.

Judge SIMPSON delivered the opinion of the court—Judge DUVALL dissenting:

The question presented for our determination, in in this case, arises under the state constitution; and involves an inquiry, into the re-eligibility of the marshal of a city court, for the succeeding term, when he has held the same office, during the two preceding terms.

The *41st section of the 4th article of the Constitution* reads as follows: "The city court of Louisville, the Lexington city court, and all other police courts established in any city or town, shall remain until otherwise directed by law, with their present powers and jurisdictions: and the judges, clerks and marshals of such courts, shall have the same qualifications, and shall be elected by the qualified voters of such cities or towns, at the same time and in the same manner, and hold their offices for the same term as county judges, clerks and sheriffs, respectively, and shall be liable to removal in the same manner."

The second and fourth sections, of the sixth article, contain the following provisions:

SEC. 2. "No person shall be eligible to the offices mentioned in this article, who is not at the time

twenty-four years old, (except clerks of county and circuit courts, sheriffs, constables and county attorneys, who shall be eligible at the age of twenty-one years) a citizen of the United States, and who has not resided two years next preceding the election, in the state, and one year in the county or district for which he is a candidate.

SEC. 4th. "A sheriff shall be elected in each county by the qualified voters thereof, whose term of office shall, after the first term, be two years, and until his successor be qualified; and he shall be re-eligible for a second term; but no sheriff shall, after the expiration of the second term, be re-eligible, or act as deputy, for the succeeding term."

On the one side it is contended, that a marshal is ineligible, whenever, under similar circumstances, a sheriff is ineligible; and consequently, as the latter is not qualified, after the expiration of the second term, to hold the office the succeeding term, neither is the former. On the other side it is insisted, that the ineligibility of a sheriff, for a third term, is a mere *disqualification*, which does not apply to a marshal, who is only required by the Constitution to have the same *qualifications* as sheriffs, but is not subjected to the same *disqualifications*.

There is a good deal of plausibility, in the argument, in support of the last position, and we have felt its force; but after a careful examination, of the constitution, we have come to the conclusion, that the words, qualifications, and qualified, are used therein, in their most comprehensive sense; to signify not only the circumstances that are requisite to render a citizen eligible to office, or that entitle him to vote; but also to denote an exemption from all legal disqualifications for either purpose.

Sheriffs and marshals, and many other officers, are to be elected by qualified voters. The circumstances under which a citizen is entitled to vote, are prescribed in the constitution; but he may have those qualifications, and still by some act have become *dis-*

A marshal of a city is ineligible to a third election after having served two terms, as sheriffs are inel-

HALL
vs.
HOSTETTER.

igible to a third
election to the
office of sheriff.

*qualified*, and not be a *qualified voter*, in the sense in which the word is used in the constitution. The word qualifications' seems to be used in the same sense, and implies not only the presence of every requisite which the constitution demands, but also the absence of every disqualification which it imposes.

It is evidently contemplated by the constitution, that sheriffs and marshals shall be eligible under the same circumstances, and hold their officers for the same term. They are to have similar qualifications, and as a sheriff is not qualified to hold the office for a third term, it would seem necessarily to follow, that a marshal is not qualified to do it either.

We have been unable to perceive by an examination of the Constitution, any indication of intention, on the part of its framers, to make any distinction between the office of sheriff and marshal, in regard to the qualifications necessary to render a person eligible to either; or that a marshal should be permitted to continue in office for a greater number of terms in succession than a sheriff. They seem in this respect, to be placed on a footing of perfect equality. When a sheriff has served two terms, he is not qualified to hold the office another term, and is rendered constitutionally ineligible for the third term. When a marshal has served two terms, if he be qualified to hold the office another term, then he is qualified when the sheriff is not, and it cannot be said with any propriety, that the same qualifications are necessary to render him eligible, that are required to render the sheriff eligible.

The plain import of the provision, that a marshal of a city court, shall have the same qualifications as a sheriff is, that he shall be eligible to office under like circumstances, and in the same condition of things, and that whatever has the effect under the constitution to incapacitate an individual for the office of sheriff. will also incapacitate an individual for the office of marshal. This import of the provision, being plain and obvious, should not be permitted to be

contravened, or opposed, by any nice distinction that may exist, between the meaning of the expression, *want of qualification*, and the word *disqualification*, when used with reference to the eligibility of a person to the office of marshal.

Inasmuch, therefore, as the appellant, Hall, had filled and exercised the office of marshal of the city of Lexington for two successive terms, immediately preceding the election in August, 1856, he was then, in the opinion of a majority of the court—Judge Duvall dissenting—ineligible to the same office for the third term, and was properly so declared to be, by the judgment of the circuit court.

Wherefore, said judgment is affirmed.